**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| CHRIS T. COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 2:09-cv-0135-WTL-DML |
| ) | |
| BRIAN SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motion for Leave to File an Amended Complaint**

Plaintiff Chris T. Collins' motion to amend the complaint to add two additional parties and an additional claim for relief (dkt 50) is **denied.**

Collins states that through the discovery process he learned that Dusty Russell and Michael Joyner participated in the decision to violate Collins' constitutional rights. Collins now seeks to add Russell and Joyner as defendants. However, the only factual allegation concerning either Russell or Joyner in the amended complaint is that "Defendant Axsom and Mize contacted Defendants Joyner, Russell and Smith."

New parties to an action may be added only through leave of court. *Williams v. United States Postal Service,* 873 F.2d 1069, 1073 n.2 (7th Cir. 1989) (citing *La Batt v. Twomey,* 513 F.2d 641, 651 n.9 (7th Cir. 1975)). Rule 8(a) of the *Federal Rules of Civil Procedure* requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . . ," and a complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)). The motion to add new defendants is **denied** because there is no viable Eighth Amendment claim against the putative new defendants. Similarly, Collins' attempt to add a general civil conspiracy claim pursuant to Indiana state law[1] to his complaint against each of the defendants is also too vague to state a claim. The amended

---

[1] In Indiana, a "civil conspiracy is defined as a combination of two or more persons, by concerted action, to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." *Goetzke v. Ferro Corp.*, 280 F.3d 766, 777-778 (7th Cir. 2002) (citing *Huntington Mortgage Co. v. DeBrota*, 703 N.E.2d 160, 168 (Ind. Ct. App. 1998). As a technical matter, Indiana does not recognize a cause of action for civil conspiracy. Rather, it recognizes an action for damages resulting from a conspiracy. *Id.* at n.9. (citing *Huntington*, 703 N.E.2d at 168).

complaint fails to allege a violation of Indiana state law, nor does it identify "the parties, purpose, and approximate dates of a plausible conspiracy to violate the constitution or federal law." *Hoeft v. Dommisse*, 2009 WL 2562749, 2 (7th Cir. 2009). Finally, the proposed amended complaint improperly includes claims which were previously dismissed from this action, including claims 2 through 4. See dkts 4 and 40. Any attempt to reinstate those claims through the proposed amended complaint is futile.

In summary, Collins' motion to amend the complaint to add defendants and new claims (dkt 50) is **denied,** because there is no viable Eighth Amendment claim asserted against the putative new defendants, and the further amendment of the action to include claims which are not legally viable is not warranted. *Perkins v. Silverstein,* 939 F.2d 463, 472 (7th Cir. 1991) ("To hold otherwise would impose upon the defendants and the courts the arduous task of responding to an obviously futile gesture on the part of the plaintiffs.").

**IT IS SO ORDERED.**

Date: 01/21/2010

Distribution:

Betsy M. Isenberg
Betsy.Isenberg@atg.in.gov

Chris T Collins
DOC #917715
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111

*William T. Lawrence*
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana