UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CHRIS T. COLLINS, )
 )
        Plaintiff, )
 vs. ) No. 2:09-cv-0135-WTL-DML
 )
BRIAN SMITH, et al., )
 )
        Defendants. )

**Entry Discussing Motion for Summary Judgment**

Chris Collins, an inmate at the Wabash Valley Correctional Facility ("Wabash Valley"), brings this lawsuit pursuant to 42 U.S.C. § 1983 asserting that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution while confined in the Secured Custody Unit ("SCU").[1] The defendants seek resolution of Collins' claim through the entry of summary judgment.

**Summary Judgment Standard**

A motion for summary judgment must be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no

---

[1] Collins' complaint could also be read to state a claim that the defendants retaliated against him by placing him in the SCU but in his briefing, he only tangentially addresses this claim and seems to have abandoned it. In any event, he has presented no evidence to warrant a trial on any alleged retaliation.

reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2).

## Material Facts

The following statement of facts is not necessarily objectively true, but is presented in the light reasonably most favorable to Collins as the non-moving party. See *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

In April 2008, Tim Axsom was a counselor at Wabash Valley and Jacqlynn Mize was a case work manager. On April 11, 2008, Axsom and Mize were informed by an offender that Collins had threatened him. Based upon this information, Mize completed an incident report and forwarded it to the Shift Supervisor.

Brian Smith was the Assistant Superintendent of Operations at Wabash Valley at that time. He received Mize's report that Collins had made threats to another offender. Based on the report, it was determined that Collins would be removed from his cell house and placed in the SCU. Neither Axsom nor Mize made the decision to place Collins in the SCU. Axsom and Mize are not involved in decisions regarding the conditions within the SCU.

Earl Brock is the Master Locations Supervisor for Wabash Valley. As part of his job duties, Brock is responsible for placing offender bed moves in the Department of Correction's Offender Information System. He does not determine when an offender will be placed in the SCU and was not involved in the decision to place Collins in the SCU. Brock was informed that Collins needed to be placed in a segregation cell in the SCU in April 2008 and he made sure the moves were placed in the Offender Information System. He is not involved in decisions regarding the conditions within the SCU and was not aware of the nature of Collins' confinement within the SCU in April 2008.

The conditions of Collins' confinement in the SCU were spartan. When he was placed in the SCU, Collins was placed on strip cell status and received a t-shirt, boxer shorts, and socks. His cell had a mattress, sheet, and blanket. He was served a nutraloaf diet for every meal for twenty-one days. He ate only the two pieces of bread that were served with the nutraloaf. He did not receive a change of clothes or the means of washing his clothes for seven days. For two weeks, he received no mail. He was allowed to go to the shower every day but did not otherwise receive hygiene products. He states that he had no access to religious or legal services. He received periodic medical care. At a medical checkup, he asked the nurse how he could get his prescription medication refilled and was

told that the officer would fill out a medical request slip for him. The officers then told him that they did not have any request slips. On May 2, 2008, Collins was removed from the nutraloaf diet and was reassigned to another area of the unit.

## Discussion

As noted, Collins' action is brought pursuant to 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The constitutional provision pertinent to Collins' claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

To prevail on an Eighth Amendment claim based on inadequate conditions, the prisoner must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted).

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1948 (2009). It is an adjunct to the second element of deliberate indifference noted above, requiring a high degree of culpability, "a very high standard of culpability, exceeding gross negligence," *Ross v. Duggan,* 402 F.3d 575, 590 n.7 (6th Cir. 2004), and an established ingredient of § 1983 jurisprudence, that without personal liability, there can be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

Axsom, Mize, and Brock have shown they were not personally responsible for the actions of which Collins complains. They did not make the decision to transfer him to the SCU and they had no control over the conditions in the SCU. Collins presents no evidence to the contrary. In fact, Collins admits as much with respect to Brock. Because they were not personally involved, summary judgment must be granted in favor of Axsom, Mize, and Brock.

To prevail on his Eighth Amendment claim, Collins must show that the conditions at the SCU denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Eighth Amendment is only concerned with

"deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Id.* at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987)

Collins' experience in the SCU was undoubtedly unpleasant, but the court cannot find that he was deprived of "the minimal civilized measure of life's necessities." He had clothing, a mattress, and a blanket. He does not claim that he was not warm enough. He received three nutritional, if not appetizing, meals per day. He was allowed to shower on a daily basis. While he complains of one incident in which an officer refused to assist him in filling out a medical request form, he does not otherwise complain about his medical care or allege that this incident caused him any harm. Collins does not present any argument or evidence that any of the alleged deprivations caused him any harm. He received adequate food, medical care, and sanitation.

"The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)). Accordingly, the court finds that Collins was not subjected to cruel and unusual punishment while he was in the SCU and the defendants are entitled to summary judgment on his claims.

## Conclusion

"Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." *Turner v. Safley,* 482 U.S. 78, 84-85 (1987). Nonetheless, "prison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Id.* at 84. In the midst of a complex and tumultuous environment such as a prison, "[f]ederal courts must take cognizance of the valid constitutional claims of prison inmates." *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996)(quoting *Turner,* 482 U.S. at 84). Collins has presented no claim of that nature in this case.

The defendants' motion for summary judgment (dkt 63) is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/28/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana